UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:21-cv-1252

SANDRA ROBINSON,

 Plaintiff,

vs.

FINFROCK CONSTRUCTION, LLC,
PACESETTER PERSONNEL SERVICE OF
FLORIDA, INC.,

 Defendants.
_____/

## COMPLAINT

 Plaintiff Sandra Robinson ("Robinson"), by and through the undersigned counsel, hereby sues Defendants Finfrock Construction, LLC ("Finfrock"), and Pacesetter Personnel Service of Florida, Inc. ("Pacesetter"), and alleges as follows:

### JURISDICTION AND VENUE

 1. This Action is brought to remedy violations of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000 et. seq. ("Title VII"), and the Florida Civil Rights Act of 1991, as amended, Fla. Stat. Chapter 760 et. seq. ("Florida Civil Rights Act").

 2. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over Robinson's claims.

 3. The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

 4. Robinson satisfied all conditions precedent to filing suit.

5. Pursuant to 28 U.S.C. § 1391(b), venue lies in this District because a substantial part of the events giving rise to these claims occurred within this District.

6. Robinson is part of a protected class in that she is black and is female.

7. Finfrock is a Florida Corporation with its principal place of business in Florida.

8. Pacesetter is a Florida Corporation with its principal place of business in Florida.

9. Finfrock is a construction company.

10. Pacesetter is a staffing company and qualifies as an employment agency.

11. Defendants share employees, interchange employees, or exercise common control over employees and work in the direct interest of one another. The related activities, performed through a unified operation and/or common control, are being done for a common business purpose. Thus, Defendants are joint employers as a matter of law.

12. Defendants have interrelated operations, share common management, have centralized control of labor relations, and have common ownership or financial control. Thus, Defendants are an integrated enterprise or employer as a matter of law. Alternatively, each Defendant is a covered enterprise as a matter of law.

13. At all times material hereto, Robinson was employed by Defendants as a general laborer.

14. Defendants are "employers" and otherwise covered entities within the meaning of Title VII and the Florida Civil Rights Act.

15. In or around April of 2019, Defendants hired Robinson as a buck horse operator for a construction project at Universal Studios.

16. From the outset of her employment, Caucasian and Hispanic employees sexually harassed Robinson with demeaning and offensive comments and gestures.

17. She complained to her supervisors at Finfrock about the sexual harassment.

18. Word spread that Ms. Robinson had complained of sexual harassment and the work environment continued to deteriorate.

19. Without invitation or consent, a Finfrock Construction worker exposed himself to Robinson in or near the workplace.

20. Robinson placed Pacesetter on notice of what was transpiring at the Finfrock workplace.

21. The following day, she tried to complain about the harassment to her supervisors at Finfrock, but they ignored her.

22. Defendants fired Robinson shortly thereafter without any justification and despite a stellar performance record.

23. Pacesetter's Orlando office refused to assign Robinson to any additional work.

## **COUNT I – RETALIATION PURSUANT TO TITLE VII**

24. Robinson re-alleges paragraphs 1-23 as though fully set forth herein.

25. This count is brought pursuant to Title VII.

26. Defendants retaliated against Robinson for engaging in protected activity by terminating her employment.

27. There was a causal connection between the adverse employment action and the acts of protected activity.

28. In addition to a temporal connection, the termination would not have occurred but for Robinson engaging in protected activity.

29. At all times material to this count, Robinson was qualified for the position.

30. Defendants were responsible for such unlawful actions under a theory of vicarious or direct liability.

31. Robinson has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

32. Defendants' conduct was intentional and malicious and was done with reckless disregard for Robinson's emotional well-being and her rights.

**WHEREFORE** Plaintiff Sandra Robinson respectfully requests that the Court enter a judgment decreeing that Defendants violated Title VII and awarding all available compensatory, economic, special, and punitive damages, interest, attorney's fees, costs, and any additional relief deemed appropriate.

## COUNT II – RETALIATION PURSUANT TO FLA. STAT. § 760.10

33. Robinson re-alleges paragraphs 1-23 as though fully set forth herein.

34. This count is brought pursuant to the Florida Civil Rights Act.

35. Defendants retaliated against Robinson for engaging in protected activity by terminating her employment.

36. There was a causal connection between the adverse employment action and the acts of protected activity.

37. In addition to a temporal connection, the termination would not have occurred but for Robinson engaging in protected activity.

38. At all times material to this count, Robinson was qualified for the position.

39. Defendants were responsible for such unlawful actions under a theory of vicarious or direct liability.

40. Robinson has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

41. Defendants' conduct was intentional and malicious and was done with reckless disregard for Robinson's emotional well-being and her rights.

**WHEREFORE** Plaintiff Sandra Robinson respectfully requests that the Court enter a judgment decreeing that Defendants violated the Florida Civil Rights Act and awarding all available compensatory, economic, special, and punitive damages, interest, attorney's fees, costs, and any additional relief deemed appropriate.

## **COUNT III – SEX DISCRIMINATION PURSUANT TO TITLE VII**

42. Robinson re-alleges paragraphs 1-23 as though fully set forth herein.

43. This count is brought pursuant to Title VII.

44. Defendants discriminated against Robinson by taking adverse employment actions against her and altering the terms, conditions, and privileges of her employment because of her sex.

45. Defendants treated similarly situated employees who were men more favorably.

46. At all times material to this count, Robinson was qualified for her position.

47. Defendants were responsible for such unlawful actions under a theory of vicarious or direct liability.

48. Robinson has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

49. Defendants' conduct was intentional and malicious and was done with reckless disregard for Robinson's emotional well-being and her rights.

**WHEREFORE** Plaintiff Sandra Robinson respectfully requests that the Court enter a judgment decreeing that Defendants violated Title VII and awarding all available compensatory, economic, special, and punitive damages, interest, attorney's fees, costs, and any additional relief deemed appropriate.

### COUNT IV – SEX DISCRIMINATION PURSUANT TO FLA. STAT. § 760.10

50. Robinson re-alleges paragraphs 1-23 as though fully set forth herein.

51. The count is brought pursuant to the Florida Civil Rights Act.

52. Defendants discriminated against Robinson by taking adverse employment actions against her and altering the terms, conditions, and privileges of her employment because of her sex.

53. Defendants treated similarly situated employees who were men more favorably.

54. At all times material to this count, Robinson was qualified for her position.

55. Robinson has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

56. Defendants' conduct was intentional and malicious and was done with reckless disregard for Robinson's emotional well-being and her rights.

**WHEREFORE** Plaintiff Sandra Robinson respectfully requests that the Court enter a judgment decreeing that Defendants violated the Florida Civil Rights Act and awarding all available compensatory, economic, special, and punitive damages, interest, attorney's fees, costs, and any additional relief deemed appropriate.

### COUNT V – SEX-BASED HOSTILE WORK ENVIRONMENT PURSUANT TO TITLE VII

57. Robinson re-alleges paragraphs 1-23 as though fully set forth herein.

58. This count is brought pursuant to Title VII.

59. At all times material hereto, the workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of Robinson's employment and create an abusive working environment.

60. The hostile work environment was based on Robinson's sex.

61. Defendants did nothing in response to Robinson's complaints of harassment and placed Robinson in a situation where the harassment was permitted to continue.

62. Defendants were responsible this environment under a theory of vicarious or direct liability.

63. Robinson has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

64. Defendants' conduct was intentional and malicious and was done with reckless disregard for Robinson's emotional well-being and her rights.

**WHEREFORE** Plaintiff Sandra Robinson respectfully requests that the Court enter a judgment decreeing that Defendants violated Title VII and awarding all available compensatory, economic, special, and punitive damages, interest, attorney's fees, costs, and any additional relief deemed appropriate.

### COUNT VI – SEX-BASED HOSTILE WORK ENVIRONMENT PURSUANT TO FLA. STAT. § 760.10

65. Robinson re-alleges paragraphs 1-23 as though fully set forth herein.

66. This count is brought pursuant to the Florida Civil Rights Act.

67. At all times material hereto, the workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of Robinson's employment and create an abusive working environment.

68. The hostile work environment was based on Robinson's sex.

69. Defendants did nothing in response to Robinson's complaints of harassment and placed Robinson in a situation where the harassment was permitted to continue.

70. Defendants were responsible for this environment under a theory of vicarious or direct liability.

71. Robinson has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

72. Defendants' conduct was intentional and malicious and was done with reckless disregard for Robinson's emotional well-being and her rights.

**WHEREFORE** Plaintiff Sandra Robinson respectfully requests that the Court enter a judgment decreeing that Defendants violated the Florida Civil Rights Act and awarding all available compensatory, economic, special, and punitive damages, interest, attorney's fees, costs, and any additional relief deemed appropriate.

**COUNT VII – RACE DISCRIMINATION PURSUANT TO TITLE VII**

73. Robinson re-alleges paragraphs 1-23 as though fully set forth herein.

74. This count is brought pursuant to Title VII.

75. Defendants discriminated against Robinson by taking adverse employment actions against her and altering the terms, conditions, and privileges of her employment because of her race.

76. Defendants treated similarly situated employees who were not black more favorably.

77. At all times material to this count, Robinson was qualified for her position.

78. Defendants were responsible for such unlawful actions under a theory of vicarious or direct liability.

79. Robinson has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

80. Defendants' conduct was intentional and malicious and was done with reckless disregard for Robinson's emotional well-being and her rights.

**WHEREFORE** Plaintiff Sandra Robinson respectfully requests that the Court enter a judgment decreeing that Defendants violated Title VII and awarding all available compensatory, economic, special, and punitive damages, interest, attorney's fees, costs, and any additional relief deemed appropriate.

## COUNT VIII – RACE DISCRIMINATION PURSUANT TO FLA. STAT. § 760.10

81. Robinson re-alleges paragraphs 1-23 as though fully set forth herein.

82. The count is brought pursuant to the Florida Civil Rights Act.

83. Defendants discriminated against Robinson by taking adverse employment actions against her and altering the terms, conditions, and privileges of her employment because of her race.

84. Defendants treated similarly situated employees who were not black more favorably.

85. At all times material to this count, Robinson was qualified for her position.

86. Robinson has suffered damages, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life proximately caused by the conduct, actions, and inactions complained of herein.

87. Defendants' conduct was intentional and malicious and was done with reckless disregard for Robinson's emotional well-being and her rights.

**WHEREFORE** Plaintiff Sandra Robinson respectfully requests that the Court enter a judgment decreeing that Defendants violated the Florida Civil Rights Act and awarding all available compensatory, economic, special, and punitive damages, interest, attorney's fees, costs, and any additional relief deemed appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Sandra Robinson hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: */s/Alejandro F. Garcia*
Alejandro F. Garcia, Esq.
Florida Bar No. 98505
agarcia@ramhofergarcia.com
**RAMHOFER | GARCIA**
11900 Biscayne Blvd.
Suite 742
North Miami, FL 33181
Telephone: (305) 481-9733
Facsimile: (954) 697-0341
*Attorneys for Plaintiff Sandra Robinson*